WILLIAM L. STIMPER, an Infant, by his Guardian ad Litem, HEINRICH STIMPER, Appellant, *v.* THE FUCHS AND LANG MANUFACTURING COMPANY, Respondent.

*Negligence — a boy injured while assisting, contrary to the terms of his employment, in the use of a machine — failure of a foreman to secure loose parts of a machine — contributory negligence.*

A boy fifteen years of age was employed about a machine shop under an agreement between the proprietor of the machine shop and the boy's father that the boy was to be employed only in cleaning the shop, running errands and drilling holes, and was not to be placed at work upon any machine without the consent of his father. While assisting, under the direction of his employer's foreman, without the consent of his father, in operating a hydraulic pump, he was injured by the fall of some of the parts, which had become loosened, to the knowledge of the foreman, but which might have been secured by the use of a rope.

In an action brought by the boy against the proprietor of the machine shop to recover for the injuries thus sustained,

*Held*, that the jury were authorized to find that the defendant was guilty of negligence in permitting or directing the plaintiff to work about the machine, and also because of the foreman's neglect to properly secure the machine and protect the plaintiff;

That if there was any question of contributory negligence, it was one to be decided by the jury.

APPEAL by the plaintiff, William L. Stimper, by his guardian *ad litem*, Heinrich Stimper, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 3d day of April, 1897, upon the dismissal of his complaint by direction of the court after a trial at the Kings County Trial Term.

The action was brought to recover damages for personal injuries to the plaintiff resulting from the alleged negligence of the defendant.

*Henry M. Dater* [*George F. Elliott* and *Jay S. Jones* with him on the brief], for the appellant.

*Frank V. Johnson* [*Robert Thorne* with him on the brief], for the respondent.

HATCH, J.:

The plaintiff was an infant of about the age of fifteen years. He entered the machine shop of the defendant for the purpose of learning the trade of a machinist and had been at work for about six weeks, when the accident happened which forms the support for this action. The evidence given upon the trial would have authorized the jury to find that the plaintiff was not to be set at work upon or about any machine in the shop until such time as such employment would be deemed proper by his father, and that he entered upon his employment with that understanding, and that his employment upon or about the machines had not been authorized by his father at the time when the accident happened. According to the testimony of the father the plaintiff was simply to be employed in cleaning up the shop, running errands and drilling holes. This arrangement was assented to by the defendant, and it was upon this understanding that the employment began.

The duties thus specified, it may be assumed, involved no danger to life or limb. Instead, however, of confining his employment to these duties, the evidence establishes that he was directed by the defendant's foreman to assist in operating a lever about an hydraulic pump, and that while so engaged the pump fell and some of the pieces came in contact with plaintiff's head, inflicting a wound, and also fell upon one foot, injuring it severely. The evidence clearly justified a finding that the pump fell apart through some inherent defect or by reason of the negligence of the foreman in giving a direction to the plaintiff about the management of the lever, and also in failing to observe proper precautions to secure the parts of the pump from falling when the pressure was reversed or increased. The evidence in detail is quite short. The plaintiff was engaged in cutting paper, which was placed in the machine and pressure applied upon it by means of the pump. He was called by a fellow-workman to assist at the lever and responded to the call. While so employed he was directed to let the pressure down, and as he did so one of the irons

composing the pump or machine fell out and came in close proximity to plaintiff, but did not touch him. The workman then desisted from his operations and sent for the foreman, who came and gave directions about the machine and the work. The foreman called the plaintiff to again come to the lever, and he and a helper worked it. The foreman was arranging a part of the machine which did not exactly fit, and gave the direction, " Just pump it a couple of times more," which plaintiff and the helper did, and the machine gave away, inflicting the injury of which complaint is made. Upon these facts the jury were clearly authorized to find that the defendant was guilty of a negligent act in permitting or directing the plaintiff to work about this machine. (*Railroad Co.* v. *Fort*, 84 U. S. 553; *Chicago & N. W. Ry. Co.* v. *Bayfield*, 37 Mich. 210.)

The evidence also disclosed that the machine could have been secured by a rope when paper was being placed therein, which would have secured the parts from falling. The declaration of the foreman after the accident was: " We were too lazy to go down stairs to get the rope, and it fell down ; we ought to have a rope. * * * If there was a rope, it wouldn't happen." The failure of the foreman to properly secure the machine and protect the plaintiff was the failure of the master, and, for negligence in this regard, the defendant was clearly responsible. (*McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 280.)

There was no question of contributory negligence in the case; at least, if there was, it was for the jury. The plaintiff was clearly entitled to have his case submitted to the jury, and it was error to dismiss his complaint.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.